**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                    No. CIV 10-0970 JB/LFG

RONALD L. POTEET, STATE OF
NEW MEXICO, PATRICIA S. BROOKS,
GLEN MORTENSEN, CINDY MORTENSEN,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment, filed March 7, 2011 (Doc. 23). The Court held a hearing on May 20, 2011. The primary issues are: (i) whether Plaintiff United States of America is entitled to judgment against Defendant Ronald L. Poteet for unpaid federal tax income liabilities for years 2000 through 2005; and (ii) whether the United States is entitled to foreclose the federal tax liens against Poteet's real property to satisfy his delinquent income tax liabilities for years 2000 through 2005. The Court will grant the United States' motion. The Court finds that the United States is entitled to summary judgment against Poteet for unpaid federal income tax liabilities for years 2000 through 2005 in the amount of $114,577.80 as of March 31, 2011. The Court also finds that the United States is entitled to foreclose its federal tax liens against Poteet's real property and that the United States may collect Poteet's unpaid federal income tax liabilities by selling the real property.

**FACTUAL BACKGROUND**

In its motion for summary judgment, the United States submitted a statement of undisputed material facts. Poteet did not respond to the United States' motion. The Local Rules for the District

of New Mexico state that a response to a motion must be served and filed within fourteen days after service of the motion. See D.N.M. LR-CIV 7.4(a). Local rule 7.1(b) states that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-CIV 7.1(b). The Court will thus adopt the facts as the United States has stated them, as supported by the record. See D.N.M. LR-CIV 56.1(b) ("All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.").[1]

Poteet has not filed a federal income tax return since 1998. See Declaration of Tim Lyons Pursuant to 28 U.S.C. § 1746, at ¶ 3, at 1 (executed March 7, 2011), filed March 7, 2011 (Doc. 23-2). As a result, the Internal Revenue Service ("IRS") prepared substitute returns for Poteet for tax years 2000 through 2005. See Lyons Decl. ¶ 4, at 1; Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for Ronald L. Poteet at 1-24, filed May 23, 2011 (Doc. 27)("Substitute Returns"). Poteet failed to contest the IRS' determination of his tax liability for tax years 2000 through 2005; a delegate of the Secretary of the Treasury thus assessed against Poteet unpaid income taxes, statutory additions, and interest for tax years 2000 through 2005. See Lyons Decl. ¶ 5, at 1; Substitute Returns at 1-24. Despite notice of the assessments and demand for payment, Poteet has failed to fully pay his federal tax liabilities for tax years 2000 through 2005 and

---

[1] With regard to pro se litigants, the Tenth Circuit has cautioned district courts not to dismiss their suits on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion. See Woods v. Roberts, No. 94-3159, 1995 WL 65457, at *2 (10th Cir. 1995). Although Poteet did not oppose the motion for summary judgment, the Court will not grant the unopposed motion unless the United States has met its burden of production and demonstrates that it is legally entitled to judgment under rule 56 of the Federal Rules of Civil Procedure. See Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002)(holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56).

is indebted to the United States in the amount of $114,577.89 as of March 31, 2011.  See Lyons Decl. ¶ 6, at 1.  On July 10, 2008, the United States recorded a Notice of Federal Tax Lien against Poteet with the County Clerk of San Juan County, New Mexico, for the unpaid income taxes for tax years 2000 through 2005.  See Notice of Federal Tax Lien at 1, filed March 7, 2011 (Doc. 23-4).

By quitclaim deed, Defendant Patricia S. Brooks acquired real property located in San Juan County, New Mexico, described as: "Lot Fourteen (14) in HARTMAN'S SECOND ADDITION, in the City of Aztec, as shown on the Plat of said Addition filed for record February 27, 1951" (hereinafter "the Property").  Quitclaim Deed at 1 (recorded July 26, 1982), filed March 7, 2011 (Doc. 23-5).  By quitclaim deed, P. Brooks quitclaimed, transferred, and conveyed the Property to Poteet.  See Quitclaim Deed (recorded December 6, 2010), filed March 7, 2011 (Doc. 23-6).

## PROCEDURAL BACKGROUND

On October 13, 2011 the United States filed the United States of America's Complaint to enforce its tax liens against "certain real property, and to obtain a judgment against . . . Poteet for the unpaid balance of federal income taxes, plus statutory additions."  United States of America's Complaint at 1, filed October 13, 2010 (Doc. 1).  On November 2, 2010, the State of New Mexico Taxation and Revenue Department disclaimed any interest or claim of lien in the Property.  See Disclaimer of New Mexico Taxation and Revenue Department at 1, filed November 2, 2010 (Doc. 6).  On November 9, 2010, the United States filed the United States of America's Notice of Dismissal of Defendant Patricia S. Brooks, which stated that P. Brooks executed a quitclaim deed conveying the Property to Poteet.  See Doc. 8.  On November 12, 2010, the United States filed the United States of America's Notice of Dismissal of Defendants Glen Mortensen and Cindy Mortensen, stating that G. Mortensen and C. Mortensen executed a disclaimer of interest in the Property.  See Doc. 9.

On March 7, 2011, the United States filed the United States' Motion for Summary Judgment. See Doc. 23. The United States argues that it is entitled to summary judgment against Poteet for unpaid federal income tax liabilities for the years 2000 through 2005. It also argues that it is entitled to foreclose the tax lien against Poteet's interests in the Property. On May 23, 2011, the United States filed an amended exhibit in support of its motion for summary judgment. See Amended Exhibit B as to Motion for Summary Judgment, filed May 23, 2011 (Doc. 27).

Poteet did not file a response to the United States' motion for summary judgment. Poteet also did not attend the hearing on the United States' motion. At the hearing, the Court's Courtroom Deputy Clerk attempted to reach Poteet by telephone at the number listed for him on record. Poteet did not answer, and the Courtroom Deputy Clerk left a message giving Poteet a conference telephone number that Poteet could call to connect to the hearing. Poteet did not call the conference telephone number during the hearing.

## LEGAL STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(internal quotation marks omitted). See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.")(internal quotation marks omitted). Once the movant meets this burden, rule 56(e)

requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.")(internal quotation marks omitted).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). Rule 56 provides that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his [or her] pleadings." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("However, 'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'" (citation omitted)). Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(citing Fed. R. Civ. P. 56(e) and Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on

suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

To survive summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact-finder could reasonably find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 251 (quoting Schuylkill & Dauphin Improv. Co. v. Munson, 81 U.S. 442, 448 (1871)); Vitkus v. Beatrice Co., 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249 (internal citations omitted). Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party. See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999). Third, the court cannot decide any issues of credibility. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

**ANALYSIS**

The Court will grant the United States' motion. The United States is entitled to summary judgment against Poteet for unpaid federal income tax liabilities for years 2000 through 2005 in the amount of $114,577.80 as of March 31, 2011. The United States is also entitled to foreclose its federal tax liens against the Property and it may collect Poteet's unpaid federal income tax liabilities by selling the Property.

**I.   THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT AGAINST POTEET FOR UNPAID FEDERAL INCOME TAX LIABILITIES FOR YEARS 2000 THROUGH 2005.**

The United States is entitled to judgment against Poteet for unpaid federal income tax liabilities. Poteet has not filed a federal income tax return since 1998. See Lyons Decl. ¶ 3, at 1. 28 U.S.C. § 6020(b)(1) states:

> If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

26 U.S.C. § 6020(b)(1). The IRS made assessments against Poteet based on substitute returns for unpaid federal income taxes, penalties, and interest for tax years 2000 through 2005. See Substitute Returns at 1-24. The certified copies of the Forms 4340 are presumptive proof that Poteet was properly assessed income tax liabilities for tax years 2000 through 2005, and establish a prima-facie case of liability. See United States v. Fio D'Italia, Inc., 536 U.S. 238, 242 (2002)("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness -- a presumption that can help the Government prove its case against a taxpayer in court." (citing United States v. Janis, 428 U.S. 433, 440 (1976); Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997); Psaty

v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971); United States v. Lease, 346 F.2d 696, 700 (2d Cir. 1965)); Ford v. Pryor, 552 F.3d 1174, 1178-79 (10th Cir. 2008)("Courts, including this one, have held that a Summary Record Assessment, provided on Form 4340, is 'presumptive proof of a valid assessment.'" (citing March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003)(collecting cases)); Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002)("We held over a decade ago that, under the Federal Rules of Evidence, IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." (citation omitted)). Poteet has failed to produce any evidence to rebut this presumption. See Ford v. Pryor, 552 F.3d at 1179. The United States is thus entitled to judgement against Poteet in the amount of $114,577.89, as of March 31, 2011, for his unpaid income taxes for tax years 2000 through 2005. See Ford v. Pryor, 552 F.3d at 1178.

**II. THE UNITED STATES IS ENTITLED TO FORECLOSE ITS FEDERAL TAX LIENS AGAINST THE PROPERTY AT ISSUE IN THIS ACTION AND MAY COLLECT POTEET'S UNPAID FEDERAL INCOME TAX LIABILITIES BY SELLING THE PROPERTY.**

The United States is entitled to foreclose the federal tax liens against the Property to satisfy Poteet's delinquent income tax liabilities for years 2000 through 2005. Section 6321 of Title 26 of the United States Code states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. See Tex. Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152, 161 (5th Cir. 1990)("Section 6321 of the tax code gives the IRS a lien 'upon all property and rights to property' belonging to a delinquent taxpayer." (citation omitted)). Section 6322 of Title 26 of the United States Code states:

> Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6322. See Tex. Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d at 161 ("The lien arises on the date that the IRS assesses unpaid taxes, applies to currently owned as well as after-acquired property, and continues until the taxpayer satisfies the debt, or the statute of limitations runs." (citation omitted)).  By virtue of Poteet's failure to pay tax assessments in full, after notice and demand, a lien arose in favor of the United States under 26 U.S.C. §§ 6321 and 6322 as of the dates of assessment in an amount equal to unpaid assessments, plus statutory additions, against all of Poteet's property and rights to property.  See 26 U.S.C. §§ 6321, 6322.

The IRS filed a Notice of Federal Tax Lien with the County Clerk of San Juan County, New Mexico, where the property is located, to secure payment of Poteet's unpaid income tax liabilities. See Notice of Federal Tax Lien at 1.  Filing the Notice of Federal Tax Lien perfected that lien as to third parties.  See 26 U.S.C. § 6323.  The federal tax lien against Poteet thus attaches to his interests in the Property.  26 U.S.C. § 7403 authorizes the United States to file "a civil action" in a United States district court "to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403.  The Supreme Court of the United States has construed the statute "to contemplate not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution."  United States v. Rogers, 461 U.S. 677, 693 (1983).  In United States v. Rogers, Lucille Bosco Rodergs, the widow of Philip Bosco, a man against whom

the IRS issued assessments totaling more than $900,000.00 for federal wagering taxes, penalties, and interest for the taxable years of 1966 through 1971, occupied a property as her homestead which she and P. Bosco had previously acquired as community property. See 461 U.S. at 671. The Supreme Court stated that the provisions of 26 U.S.C. § 7403 were "broad and profound," and that "the Supremacy Clause allows the federal tax collector to convert a non-delinquent spouse's homestead estate into its fair cash value." 461 U.S. at 702-03. Thus, even if Poteet has made the Property his homestead, the Court can find that the United States can foreclose the tax liens upon it and order a sale of the property. The Court thus finds that the United States is entitled to foreclose its federal tax liens against the property and may collect the Poteet's unpaid federal income tax liabilities by selling the property. See 26 U.S.C. § 7403; United States v. Rogers, 461 U.S. at 693.

**IT IS ORDERED** that on the United States' Motion for Summary Judgment, filed March 7, 2011 (Doc. 23) is granted. The United States is entitled to summary judgment against Defendant Ronald L. Poteet for unpaid federal income tax liabilities for tax years 2000 through 2005 in the amount of $114,577.89 as of March 31, 2011, plus interest and statutory additions according to law from March 31, 2011 until this judgment is paid. The United States is entitled to foreclose its valid tax liens against Poteet for the tax period of years 2000 through 2005 in the amount of $114,577.89 as of March 31, 2011, which attach to and encumber Poteet's interests in real property in San Juan County, New Mexico, described as: Lot Fourteen (14) in HARTMAN'S SECOND ADDITION, in the City of Aztec, San Juan County, New Mexico, as shown on the Plat of said Addition filed for record February 27, 1951. The United States is entitled to collect the liabilities previously described by selling the Property. The Court orders sale of the Property either through a real estate agent acting as a receiver or under 28 U.S.C. § 2001. After payment of the expenses of sale and any ad valorem taxes due on the property, the remaining sales proceeds shall be distributed to the United

States to satisfy the Court's judgment.  Each party shall bear its own costs, including attorney fees.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Holly Michele Church
Tax Division
United States Department of Justice
Dallas, Texas

>*Attorneys for the Plaintiff*

Ronald L. Poteet
Farmington, New Mexico

>*Defendant pro se*

Lewis J. Terr
New Mexico Taxation & Revenue Department
Santa Fe, New Mexico

>*Attorney for Defendant State of New Mexico*